IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>ROBYN RENEA HAMILTON,<br><br>  Defendant. | 8:13-CR-43<br><br>MEMORANDUM AND ORDER |

This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 835) filed by the defendant, Robyn Hamilton. The motion was timely filed less than 1 year after Hamilton's conviction became final. *See* § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906

(8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

## BACKGROUND

As relevant, Hamilton was charged with conspiring to distribute and possess with intent to distribute 50 grams or more of methamphetamine. Filing 446; *see* filing 593. The case proceeded to a jury trial as to Hamilton and a co-defendant, Julio Cesar Ponce-Ybarra. *See* filing 729. Hamilton did not testify in her own defense. Filing 734 at 819.

The evidence at trial suggested the existence of a large drug distribution run out of Mexico, and operated in the United States by Eduardo Valenzuela. *See, e.g.*, filing 732 at 117-122. The primary witness against Hamilton was Kailee Davis, a friend of Hamilton's, who was a low-level dealer for the conspiracy. *See* filing 733 at 170-75. She testified that Hamilton was a methamphetamine user, and Hamilton helped with drug sales in exchange for money and drugs, by storing Davis's money and drugs and keeping financial records. Filing 733 at 176-79. And Javier Rodriguez-Compean, who distributed drugs for Valenzuela, said he had met both Davis and Hamilton at Hamilton's house, and Davis told him Hamilton kept the money and drugs there. Filing 732 at 51-57.

The government's evidence against Ponce-Ybarra placed him in a different part of the alleged conspiracy. Valenzuela testified that he was receiving drugs from Mexico and distributing them in the United States, and

that he used Ponce-Ybarra to transport them. Filing 732 at 131-33. Davis said she never met Ponce-Ybarra. Filing 733 at 205. In other words, both Ponce-Ybarra and Rodriguez-Compean distributed drugs for Valenzuela, but Davis's contact was only with Rodriguez-Compean, and Hamilton's contact was only with Rodriguez-Compean and Davis.

The jury found Hamilton guilty of conspiracy, and separately found that she was responsible for 50 grams or more of methamphetamine. Filing 598 at 2-3. Ponce-Ybarra was acquitted. Filing 598 at 4. Hamilton appealed to the U.S. Court of Appeals for the Eighth Circuit, which affirmed her conviction. *United States v. Hamilton*, 837 F.3d 859 (8th Cir. 2016). She now moves to vacate her conviction. Filing 835.

## DISCUSSION

Hamilton raises four claims in her motion: (1) inconsistent verdicts between herself and Ponce-Ybarra, (2) her "opportunity and desire to testify" to the facts of her case, (3) that she was not tried before a jury of her peers, and (4) sufficiency of the evidence. Filing 835 at 4-8. But as a preliminary matter, the Court notes that the defendant did not raise the first three claims on direct appeal, and claims not raised on direct appeal are procedurally defaulted and may not be raised under § 2255 unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence. *United States v. Moss*, 252 F.3d 993, 1000 (8th Cir. 2001).

Hamilton contends that these claims were not presented on appeal because of ineffective assistance of counsel. Filing 835 at 10. Attorney error is an objective external factor providing cause for excusing a procedural default only if that error amounted to a deprivation of the constitutional right to counsel. *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017). Such a claim requires Hamilton to show counsel was objectively unreasonable in failing to discover

these issues and raise them on appeal, and but for counsel's failure to raise them, she would have prevailed on her appeal. *See Smith v. Robbins*, 528 U.S. 259, 285-86 (2000). Accordingly, the Court will consider the merits of these claims in the context of assessing whether counsel was deficient in not raising them on appeal, and whether Hamilton was prejudiced as a result.

## INCONSISTENT VERDICTS

Hamilton's first claim is that there was "inconsistency of the verdicts in finding her co-defendant not guilty." Filing 835 at 4. But "[i]nconsistency in a verdict is not a sufficient reason for setting it aside." *Harris v. Rivera*, 454 U.S. 339, 345 (1981). The Supreme Court has "so held with respect to inconsistency between verdicts on separate charges against one defendant, and also with respect to verdicts that treat codefendants in a joint trial inconsistently." *Id.* (citations omitted); *see United States v. Nolen*, 536 F.3d 834, 844 (8th Cir. 2008).

Furthermore, there was no inconsistency. The evidence with respect to each defendant was completely different—to the point that Hamilton argued on direct appeal the evidence actually showed two separate conspiracies. *See Hamilton*, 837 F.3d at 863. Although the defendants were tried jointly, none of the testifying witnesses identified both of them. While they were both employed by the Valenzuela conspiracy, they did not work together, nor did any other member of the conspiracy work directly with both of them. There was no inconsistency in finding the witnesses against Hamilton credible, but not the witnesses against Ponce-Ybarra. *See Nolen*, 536 F.3d at 844.[1]

---

[1] And even if there was an inconsistency, the error might well have been in the acquittal, not the conviction—and there is no reason that such an error should redound to Hamilton's benefit. *See Harris*, 454 U.S. at 347, 348 n.21.

Accordingly, counsel was not deficient, nor was Hamilton prejudiced, in the failure to raise this claim on direct appeal.

## OPPORTUNITY TO TESTIFY

Hamilton's next claim is not entirely clear: she contends that she is "requesting the opportunity and desire to testify to the facts of [her] case, because [she] was misdirected by [her] attorney." Filing 835 at 5. Liberally construed, Hamilton seems to be suggesting that her decision not to testify at trial resulted from misadvice of counsel. A criminal defendant has a constitutional right to take the stand and testify in her own defense. *Rock v. Arkansas*, 483 U.S. 44, 49-53 (1987); *Berkovitz v. Minnesota,* 505 F.3d 827, 828 (8th Cir. 2007). Only the defendant may waive her right to testify, and the waiver must be made voluntarily and knowingly. *Berkovitz,* 505 F.3d at 828; *see Frey v. Schuetzle*, 151 F.3d 893, 897-98 (8th Cir. 1998).

Here, however, the Court made sure—on the record—that Hamilton knew she had the right to testify, and she affirmatively said she did not intend to. Filing 734 at 14-15. Moreover, she remained silent after her counsel rested without presenting evidence—and a knowing and voluntary waiver of the right to testify may be found based on such silence. *Berkovitz,* 505 F.3d at 828; *Frey,* 151 F.3d at 898.

The record clearly establishes that Hamilton knowingly and voluntarily waived her right to testify, and she alleges nothing sufficient to contradict that. Accordingly, a claim of ineffective assistance of counsel predicated on denial of the right to testify is also without merit.

## JURY OF PEERS

Next, Hamilton claims that "she was not tried before a jury of her peers" because she is Native American and the jury was "primarily white,

and clearly racial disparity was present." Filing 835 at 7. The Sixth Amendment guarantees those accused of a crime the right to trial by an impartial jury drawn from a fair cross-section of the community. *United States v. Evans*, 830 F.3d 761, 769 (8th Cir. 2016), *cert. denied,* 137 S. Ct. 839 (2017). But, while the Constitution prohibits deliberate exclusion of an identifiable racial group from the juror selection process, it "does not guarantee a defendant a proportionate number of [her] racial group on the jury panel or the jury . . . ." *Id.* at 769-70.

To establish a fair-cross-section violation, the defendant must show that (1) the group alleged to be excluded is a distinctive group in the community; (2) the representation of this group in jury venires is not fair and reasonable in relation to the number of such persons in the community; and (3) the underrepresentation is due to systematic exclusion of the group in the jury-selection process. *Id.* at 769; *United States v. Jefferson*, 725 F.3d 829, 835 (8th Cir. 2013); *see United States v. Garcia*, 674 F. App'x 585, 587 (8th Cir. 2016). Hamilton has alleged no facts supporting such a claim. Even evidence of a discrepancy on a single venire panel—and she has not alleged that much—does not demonstrate systemic exclusion. *See Evans*, 830 F.3d at 770.[2] Accordingly, her ineffective assistance of counsel claim also fails.

SUFFICIENCY OF THE EVIDENCE

Finally, Hamilton claims that the evidence was insufficient to support her conviction: she argues that "the government presented insufficient evidence that Hamilton know of and knowingly participated in the alleged conspiracy" and that, even if there was such evidence, "the government failed

---

[2] To the extent that Hamilton's motion could be read as asserting an equal protection claim, the result would be the same. *See Garcia*, 674 F. App'x at 588.

to prove she was a member of the single conspiracy alleged in the indictment." Filing 835 at 8. But unlike her other claims, that claim *was* raised (almost word-for-word) on direct appeal. *Hamilton*, 837 F.3d at 861. And the Eighth Circuit found that "there was substantial evidence from which a reasonable jury could infer Hamilton's knowing participation in a conspiracy to distribute controlled substances" and that the "evidence was sufficient to permit a reasonable jury to find that the alleged conspiracy existed and that Hamilton knowingly participated" because "Hamilton knowingly joined a far-flung conspiracy when she allowed distributor Davis to store multiple pounds of methamphetamine and the proceeds of drug sales at Hamilton's Nebraska residence." *Id.* at 862-63.

Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to § 2255. *Davis v. United States*, 673 F.3d 849, 852 (8th Cir. 2012); *see United States v. Lee*, 715 F.3d 215, 224 (8th Cir. 2013). And even if they could be, Hamilton presents nothing to undermine this Court's and the Court of Appeals' previous conclusions that the evidence, as *briefly* summarized above, is sufficient to support her conviction. *See* filing 734 at 10; *see also Hamilton*, 837 F.3d at 862-63.

CONCLUSION

Hamilton's allegations either entitle her to no relief, or are contradicted by the record. Accordingly, her § 2255 motion will be summarily dismissed. A movant cannot appeal an adverse ruling on her § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the

constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).

In this case, Hamilton has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1. Hamilton's pro se motion to vacate under 28 U.S.C. § 2255 (filing 835) is denied.

2. The Court will not issue a certificate of appealability in this matter.

3. A separate judgment will be entered.

4. The Clerk is directed to mail a copy of this Memorandum and Order to Hamilton at her last known address.

Dated this 13th day of April, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge